Affidavit for Search Warrant

# United States District Court

## FOR THE DISTRICT OF RHODE ISLAND

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)
Records and other information and contents of wire or electronic communications pertaining to Angelo Kapsimalis using the email addresses of ANGELOKAP@VERIZON.NET and VZEPLYWV@VERIZON.NET held by Verizon.

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER: 1:05-M-139M

I Almindo Correia being duly sworn depose and say:

I am a(n) Special Agent, United States Postal Inspector and have reason to believe that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

Verizon Security, Attn: Subpoena Room 1095 Avenue of the Americas, New York, NY 10036; 1) Verizon is ordered not to notify the subscriber or anyone of the warrant; and 2) the warrant maybe served by facsimile and executed without the presence of an agent.

in the District of Rhode Island there is now concealed a certain person or property, namely:

SEE SCHEDULE A TO ATTACHED AFFIDAVIT

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

fruits, instrumentalities, and evidence

concerning a violation of Title 21, United States Code, Section(s) 841, 952, 331 and 18 U.S.C. 1956 and 1957. The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof. ☒ Yes ☐ No

[signature]
Signature of Affiant

Sworn to before me, and subscribed in my presence

November 9, 2005 11:02 AM at Providence, Rhode Island
Date and Time Issued City and State

United States Magistrate Judge David L. Martin
Name and Title of Judicial Officer

[signature]
Signature of Judicial Officer

# AFFIDAVIT

I, Almindo Correia, upon oath, do depose and state:

1. I am a United States Postal Inspector assigned to the Boston Division. I have been a Postal Inspector for approximately 15 years.

2. I make this affidavit in support of a Search Warrant for the following described item:

Records and other information and contents of wire or electronic communications pertaining to Angelo Kapsimalis using the email addresses of ANGELOKAP@VERIZON.NET and VZEPLYWV@VERIZON.NET held by Verizon, including the contents of eighteen electronic communications previously sent to agents with dates subsequent to the execution of a search warrant. Those records include: (1) basic subscriber information; (2) records and other information pertaining to certain subscribers of Verizon; and (3) the contents of electronic communications in Verizon including those in electronic storage.[1]

3. The United States Government, including the Food and Drug Administration's Office of Criminal Investigation (FDA-OCI), Drug Enforcement Administration (DEA), Immigration and Customs Enforcement (ICE), and Postal Inspection Service (USPIS) are currently conducting a criminal investigation in connection with a scheme to buy and sell anabolic steroids and Human Growth Hormone using the internet. These intrusions are being investigated as possible violations of, inter alia, of 21 U.S.C. § 841, 21 U.S.C. § 952, 21 U.S.C. § 331, 18 U.S.C. § 1956, and 18 U.S.C. § 1957.

4. In May of 2005, The Bureau of Customs and Border Protection (CBP) intercepted a U.S. Mail International Express Package entering the United States from the Peoples Republic of China. The package, bearing tracking number EA639154295CN was addressed to, "Digital Tech, P.O. Box 291, Central Falls, Rhode Island 02863." Upon further examination of the package, CBP Inspectors discovered a box, containing five separate boxes, each containing a twenty vial kit,

---

[1] **"Electronic Storage" is a term of art, specifically defined in 18 U.S.C. § 2510(17) as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication."**

labeled Fintropin, a Human Growth Hormone. That information and the seized package was subsequently forwarded to U.S. Postal Inspector Almindo Correia, assigned part time to the FDA-OCI task force in Rhode Island. U.S. Postal records showed that P.O. Box 291 is rented by Angelo Kapsimalis. A query of the U.S. Postal Service's web site showed that a computer assigned Internet Protocol (IP) address 70.20.15.163 queried tracking number EA639154295CN numerous times including on May 3, 2005, May 4, 2005, and May 6, 2005. I know from my training and experience that in order to query the U.S. Postal Service's web site for the location of a package, one must use the tracking number assigned to the package. Generally that tracking number is known only by the shipper and receiver/addressee of the package. Records obtained from Verizon (an Internet Service Provider or ISP) showed that IP address 70.20.15.163 was assigned to DSL consumer Angelo Kapsimalis of 23 Owen Avenue, Pawtucket, Rhode Island 02860 from May 2, 2005 to May 10, 2005, exclusively. Records obtained from Verizon further showed Kapsimalis's prior email address as ANGELOKAP@COX.NET. Kapsimalis has recently changed his ISP such that he is now using the email addresses of ANGELOKAP@VERIZON.NET and VZEPLYWV@VERIZON.NET.

5. Rhode Island Motor Vehicle Registry records showed that Kapsimalis's address on his operator's license was 949 Mineral Spring Avenue, North Providence, Rhode Island. Treasury Enforcement Communications System (TECS) records showed the following:

a) In September of 2003, "Anastasia Kapsimalis" of "949 Mineral Spring Avenue, North Providence, Rhode Island" was the addressee of a mail parcel sent from Pakistan. The parcel was seized by CBP Inspectors at the JFK International Airport in New York. According to TECS, the mail parcel contained one hundred and fifty units of anabolic steroids.

b) In November of 2003, "Anastasia Kapsimalis" of "949 Mineral Spring Avenue, North Providence, Rhode Island" was the addressee of a mail parcel sent from Pakistan. The parcel was seized by CBP Inspectors at the JFK International Airport in New York. According to TECS, the mail parcel contained one hundred and fifty units of anabolic steroids.

c) In June of 2004, "Angelo Kapsimalis" of "949 Mineral Spring Avenue, North Providence, Rhode Island" was the addressee of a mail parcel sent from Spain. The parcel was seized by CBP Inspectors at the JFK International Airport in New York. According to TECS, the mail parcel contained anabolic steroids.

6. A review of an official report of investigation (ROI), written by Task Force Agent Richard Clinton of the Drug Enforcement Administration's Memphis,

Tennessee Resident Office indicated Mark Holmes was a major distributor of steroids from Great Britain into the United States. According to the ROI, Holmes utilized the websites WWW.STEROIDS.COM and WWW.IRONBRAND.CO.UK to distribute steroids. From June 7, 2002 to July 25, 2002 Angelo Kapsimalis transferred a total of $1,859.12 from his e-gold account number 548668 to Mark Holmes. The account information lists Angelo Kapsimalis's email address as ANGELO189@COX.NET. It is not known what email address or addresses Kapsimalis used to make the payments, but the payments were made via the internet. In May of 2005, agents/officers assigned to the FDA-OCI Task Force in Rhode Island conducted searches of discarded trash located at Kapsimalis's residence, 23 Owen Avenue. Agents/officers seized evidence from the trash including one empty priority envelope sent from "JM Nicholson" of "1026 Rudolph Ct, Spring Hill, Fl 34609," addressed to "Compu Tech, P.O. Box 643, Pawtucket, RI 02862;" Postal records showed that P.O. Box 643 is rented by Kapsimalis (TECS records showed that in September of 2004, a United Parcel Service (UPS) shipment from China, containing Fintropin (HGH), addressed to "WM Nicholson" of 1026 Rudolph Court, Spring Hill Florida was seized by CBP Inspectors in Louisville, Kentucky); one empty priority envelope sent from "Matt Neal" of "15 J Street, Hull, MA 02045," addressed to "Compu Tech, P.O. Box 643, Pawtucket, RI 02862" (TECS records showed that between May and June of 2002, two separate parcels containing anabolic steroids from Russia were seized by Customs Inspectors at JFK International Airport in New York; both parcels were addressed to Matt Neal at 15 J Street, Hull, Massachusetts 02045); and documents, including a Chase Bank One credit card statement and a New England Gas Company bill, showing the addressee of 23 Owen Avenue, Pawtucket, RI 02860 as Angelo Kapsimalis. On August 17, 2005, I learned that Angelo Kapsimalis had mailed out four packages from the Post Office in Central Falls, Rhode Island. All four packages listed P.O. Boxes as return addresses. I took custody of all four packages and transported them to the Postal Inspection office in Providence, Rhode Island. Task Force Agent (TFA) Robert Lafond, a canine handler with the Drug Enforcement Administration's Providence Resident Office, was contacted and arrived at the Postal Inspection Office with canine Apollo, a drug detection dog certified by the American Police Working Dogs Association to detect cocaine, heroin, marijuana, and methamphetamines. TFA Lafond utilized Apollo on the four packages obtained by USPI Correia and reported to investigators that Apollo alerted on the package bearing the tracking number 420 89521 9101 0385 5574 9453 05087. The package was addressed to B. Nonnamaker, 1270, El Monte Ct., Reno, NV 89521 with Digital Tech, P.O. Box 291, Central Falls, RI 02863, shown as a return address. On August 18, 2005, U.S. Magistrate Judge David L. Martin issued a search warrant for this package. Upon execution of the search warrant, agents discovered approximately 28,615 pills of various suspected steroids. The tablets consisted of approximately 9,241 pink pills, 15,249 white pills, and 4,125 yellow pills. These appear to be anabolic steroids; however, testing on them has not yet been completed. In addition, each of the packages sent by Angelo Kapsimalis had a label

produced using the U.S. Postal Service's "click & ship" labeling program. This program is available to Postal customers via the U.S. Postal Service's web site.

7. On September 16, 2005, a search warrant was issued by United States Magistrate Judge David L.Martin for the search of records and other information and contents of wire or electronic communications pertaining to Angelo Kapsimalis using the email addresses of ANGELOKAP@VERIZON.NET and VZEPLYWV@VERIZON.NET held by Verizon. The search warrant was executed by facsimile on September 26, 2005. I have reviewed documents sent by Verizon to law enforcement agents assigned to this investigation and noted that the returned information included eighteen email communications, all of which were dated after September 26, 2005. For this reason, agents assigned to this investigation sought advice from the Assistant United States Attorney Stephanie Browne, who on October 20, 2005, recommended that the e-mail communications be sealed pending the issuance of a new search warrant. On October 20, 2005, agents assigned to this investigation sealed the e-mail communications.

8. According to documents obtained from Western Union Financial Services, Angelo Kapsimalis has transferred monies via Western Union to individuals, utilizing both conventional means and through the internet. I know from my training and experience that money remitter businesses such as Western Union are oftentimes utilized by drug traffickers to transfer payment for illegal drugs. According to Western Union Angelo Kapsimalis has sent moneygrams to individuals in several foreign countries to include Great Britain, Pakistan, China, Poland, Yugoslavia, Singapore, Greece, Thailand and Canada. I know based upon my training and experience that steroid/HGH traffickers utilizing the internet typically seek out and order illicit steroids/HGH from multiple web sites in an effort to obtain different illicit products at a cheaper cost. These web sites are oftentimes maintained by individuals in various foreign countries who typically permit payment through wire remitters. I have observed that those Western Union records included seven separate wire transfers between July of 2003 and March of 2004 from Angelo Kapsimalis to "Ken Chen" in Shanghai, China totaling $9,330.00 U.S. dollars. I am advised by an agent of the Drug Enforcement Administration (DEA) that a "Kenneth Chen" from Shanghai, China is under investigation by the DEA as an international steroid source of supply. I have further observed that those Western Union records included two separate wire transfers from Angelo Kapsimalis to Mark Holmes in Borehamwood and Newbarnet, Great Britain. As stated in paragraph 6 above, a Mark Holmes was identified as a major distributor of steroids from Great Britain into the United States, being investigated by the DEA's Memphis Tennessee Resident Office.

9. According to documents obtained from "PayPal" Angelo Kapsimalis is receiving money online. Paypal is an account-based service that allows customers to send and receive money using their credit card, bank account, or a PayPal balance. In order to

initiate a payment, the customer must log into his/her account, enter the e-mail address of the recipient and the dollar amount, and select the funding option (credit card, bank account, or PayPal balance). After the payment is completed, PayPal then sends an email notification (receipt) to both the sender and recipient of the payment. The recipient can then keep the funds in his/her PayPal account, request a paper check, or withdraw the funds to his/her bank account via Electronic Funds Transfer. PayPal also offers a debit card, which affords customers the additional flexibility of using their PayPal funds to either withdraw money at an ATM or pay for products anywhere MasterCard is accepted. PayPal documents revealed that between September of 2001 and October of 2005, approximately $43,163.96 dollars were sent via PayPal from various individuals to Angelo Kapsimalis.

10. I believe, based on my training and experience, that Angelo Kapsimalis has used the internet to send and receive payment, believed to be related to the trafficking of illegal drugs. I further believe, based upon my training and experience, that Angelo Kapsimalis has tracked at least one package and consistently uses the "click & ship" mailing labels obtainable through the U.S. Postal Service web site, that it is more likely than not that he conducts some or all of his business of trafficking in illicit drugs via the internet. This indicates that it is more likely than not that he uses email to place and receive orders for anabolic steroids and Human Growth Hormone.

11. Records of customer and subscriber information relating to Angelo Kapsimalis that are available from Verizon, and/or the contents of electronic communications, including those in electronic storage, that may be found at Verizon will help government investigators identify the individual(s) who are responsible for the illicit trafficking in anabolic steroids and Human Growth Hormone. Accordingly, the government requests that Verizon be directed to produce all records described generally in paragraph 2 above and described more specifically in Attachment A to this Affidavit, which information is divided into several parts. Part A requests the account name, address, telephone number, e-mail address or addresses, billing information, and other identifying information for Angelo Kapsimalis. Part B consists of Angelo Kapsimalis's "User Connection Logs" from the initiation of service through the date of the warrant, for the computer account assigned to Angelo Kapsimalis, and for email addresses ANGELOKAP@VERIZON.NET and VZEPLYWV@VERIZON.NET. This information is directly relevant to identifying the individuals involved in the internet trafficking in illicit drugs. The information should include the date and time of connection and disconnection, the method of connection to Verizon, the data transfer volume, and information related to successive connections to other systems. Part C requests the contents of electronic communications, including those in electronic storage, that were placed or stored in Verizon computer systems in directories or files owned or controlled by the accounts identified in Part A. Investigators anticipate that these files may contain orders for anabolic steroids and Human Growth Hormone, details of transactions, lists of buyers and sources of supply.

These stored files, covered by 18 U.S.C. § 2703(b)(2), will help ascertain the scope and nature of the possible drug trafficking activity conducted by Angelo Kapsimalis over the internet.

12. Based upon the above, I submit there is probable cause to believe that the items described in Paragraph 2 and Attachment A contain information concerning the illicit trafficking of anabolic steroids and Human Growth Hormone, money laundering and other offenses in violation of 21 U.S.C. § 841, 21 U.S.C. § 952, 21 U.S.C. § 331, 18 U.S.C. § 1956, and 18 U.S.C. § 1957.

ALMINDO CORREIA
POSTAL INSPECTOR
U.S. POSTAL INSPECTION SERVICE

Sworn and subscribed in my presence on
This 9th day of November, 2005

DAVID L. MARTIN
UNITED STATES MAGISTRATE JUDGE